36 F.3d 1090
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard F. WILLIAMS, Plaintiff, Appellant,
v.
BELL LABORATORIES, A/K/A AT & T Technologies, Inc.,
Defendant, Appellee.
 No. 94-1058
 United States Court of Appeals,
First Circuit.
 September 27, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Steven J. McAuliffe, U.S. District Judge ]
 Richard F. Williams on brief pro se.
 David J. Kerman, David T. Lyons and Ropes & Gray on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Selya, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff brought a pro se civil action alleging wrongful termination of employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-634 (1988). After some discovery, defendant moved for summary judgment, arguing that (1) plaintiff had not been the defendant's "employee" within the meaning of the law, but rendered services through an independent contractor, and (2) defendant's decision to terminate plaintiff's services was based on legitimate, non-discriminatory reasons. The district court granted summary judgment on the ground that even if plaintiff could establish a prima facie case of age discrimination, he had failed to offer minimally sufficient proof that the defendant's articulated non-discriminatory reason was a pretext, and that the real reason for terminating plaintiff's services was age discrimination. The court thus did not reach the definitional issue.
 
 
 2
 Reviewing the dismissal de novo, we agree with the district court's analysis and affirm substantially for the reasons set forth in Judge McAuliffe's thorough order. See Woods v. Friction Materials, Inc., 1994 U.S. App. LEXIS 19755, at * 9-14 (1st Cir. July 29, 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 843 (1st Cir. 1993), cert. denied, 114 S. Ct. 1398 (1994). We do not consider the new factual contentions raised for the first time in plaintiff's brief on appeal.
 
 
 3
 Affirmed.